IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JOEY TENNYSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | Civil Action File No. |
| **PRESTIGE AUTO SOURCE, LLC,** | ) | _____ |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Joey Tennyson ("Ms. Tennyson"), by and through undersigned counsel, and files this lawsuit against Prestige Auto Source, LLC ("Prestige"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

**Introduction**

1.

The instant action arises from Prestige's violations of Ms. Tennyson's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), to remedy violations of the FLSA by Prestige which have deprived Ms. Tennyson of her lawful overtime wages.

2.

During the employment of Ms. Tennyson, Prestige violated the FLSA by failing to compensate Ms. Tennyson at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Ms. Tennyson seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**Jurisdiction and Venue**

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred within the State of Georgia and because Prestige is subject to personal jurisdiction in this District.

## Parties

6.

Ms. Tennyson resides in Atlanta, Georgia (within this District) and is a citizen of the United States.

7.

At all times material to this action, Ms. Tennyson was an "employee" of Prestige defined by § 203(e)(1) of the FLSA, and worked for Prestige within the territory of the United States.  Ms. Tennyson is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Prestige.

8.

Prestige is a limited liability company formed under the laws of the State of Georgia that conducts business in the State of Georgia and in this District.

9.

Prestige maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

10.

Prestige is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Terence D. Lewis, 4261 Ward Bluff Road, Ellenwood, GA 30294.

11.

At all times material to this action, Prestige was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

12.

At all times material to this action, Prestige was an "employer" of Ms. Tennyson, as defined by § 203(d) of the FLSA.

13.

The overtime provisions set forth in § 207 of the FLSA apply to Prestige.

**Factual Allegations**

14.

From approximately December 2012 until approximately February 8, 2013, and from approximately February 19, 2013 until approximately July 2, 2013, Ms. Tennyson was employed by Prestige.

15.

At all times relevant hereto, Ms. Tennyson was not responsible for supervising or directing the work of any other employees.

16.

At all times relevant hereto, Ms. Tennyson did not possess the authority to hire or fire other employees.

17.

At all times relevant hereto, Ms. Tennyson's primary duty was not the management of Prestige or of a customarily recognized department or subdivision thereof.

18.

At all times relevant hereto, Ms. Tennyson's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

19.

At all times relevant hereto, Ms. Tennyson did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

20.

At all times relevant hereto, Ms. Tennyson was a non-exempt employee for purposes of overtime compensation.

21.

While employed by Prestige, Ms. Tennyson was required, at times, to work in excess of forty (40) hours a week.

22.

During Ms. Tennyson's employment with Prestige, Prestige did not compensate Ms. Tennyson for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

23.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Tennyson are in the possession of Prestige.

**Failure to Comply with the Overtime Provisions of the FLSA**

24.

Prestige failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Tennyson.

25.

Prestige failed to meet the requirements for paying Ms. Tennyson at the rate of at least one and one-half times the regular hourly rate for time worked in excess

of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

26.

Prestige is liable to Ms. Tennyson for compensation for any and all time Ms. Tennyson worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

27.

By its actions alleged herein, Prestige willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

28.

Prestige willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Tennyson in accordance with § 203 and § 207 of the FLSA.

29.

As a result of Prestige's violations of the FLSA, Ms. Tennyson has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

30.

As a result of Prestige's willful violations of the FLSA, Ms. Tennyson is entitled to liquidated damages.

31.

Ms. Tennyson has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

32.

Pursuant to 29 U.S.C. § 216(b), Ms. Tennyson is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

33.

Prestige has not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Tennyson.

34.

As a result of Prestige's unlawful acts, Ms. Tennyson has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, Ms. Tennyson, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a)  that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b)  that she be awarded the costs and expenses of this action; and

(c)  that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 15th day of November, 2013.

                                              **COHAN LAW GROUP, LLC**

                                              */s/ Louis R. Cohan*

                                              LOUIS R. COHAN
                                              Georgia Bar No. 173357
                                              TRACY K. HAFF
                                              Georgia Bar No. 141230
                                              *Attorneys for Plaintiff*

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com