# SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, Joey Tennyson ("Plaintiff" or "Releasor") was employed by Prestige Auto Source, LLC ("Defendant" or "Prestige") from December 19, 2012 to July 5, 2013;

WHEREAS, Plaintiff filed an action (the "Action") captioned *Joey Tennyson v. Prestige Auto Source, LLC*, Civil Action No. 1:13-cv-3804-JEC, in the United States District Court for the Northern District of Georgia (the "Court"), asserting claims against the Defendant for alleged violations of the Fair Labor Standards Act;

WHEREAS, the parties desire to settle any and all disputes between them, without admitting liability or fault, including but not limited to all claims asserted in the Action;

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth below, the parties execute this Agreement and deem it effective as of the _____ day of February, 2014, agreeing as follows:

I. **PARTIES**: This document sets forth the terms and conditions of the Settlement Agreement and General Release (hereinafter "Agreement") by and between Plaintiff and Defendant. The term "Releasees" used herein shall include Prestige and all of its owners, shareholders, employees, agents, insurers, and attorneys, together with their predecessors, successors and assigns, both jointly and severally.

II. **PAYMENT AND CONSIDERATION**:

   A. In consideration of the release and other obligations entered into by Plaintiff pursuant to this Agreement, and obtaining from the Court an Order approving this Agreement and dismissing the Action with prejudice, Defendant agrees to pay $9,500.00 in good funds, payable to Cohan Law Group, LLC (EIN: 45-2418030) for the benefit of Joey Tennyson, to be reported on a Form 1099.

   B. Plaintiff understands and agrees that she is responsible (and not the Defendant) for any tax liability, if any, respecting the payment set forth in Section II.A of this Agreement, including but not limited to liability for the amount, method or calculation of withholding tax to federal, state or local governments, and Plaintiff's portion of social security tax. Further, Plaintiff agrees to indemnify Defendant for all costs, including attorneys' fees, it incurs as a consequence of Plaintiff's failure to satisfy any tax obligations arising out of this Agreement.

   C. Upon full execution of this Agreement, the parties agree that Defendant will cause to be filed a Joint Motion for Order Approving Settlement. The Parties agree to the dismissal of the Action with prejudice, subject to the Court retaining jurisdiction to enforce the terms of this Agreement. Should the Court not approve the settlement, the parties agree that this Agreement shall be null and void, and Defendant shall have no obligation to make any payments pursuant to this Agreement and that the parties will have forfeited no rights and will revert to the stance of litigation as it existed on January 24, 2014.

D.  Defendant's obligation to make the payment set forth in Section II.A is conditioned upon the receipt by Defendant's counsel, Law Offices of Gregory R. Fidlon, P.C., of notification via the Court's CM/ECF system of an Order entered by the Court approving this Agreement and dismissing the Action with prejudice and without additional payment of costs or attorneys' fees.  The payment set forth in Section II.A shall be sent to Plaintiff's attorneys, Cohan Law Group, LLC (CLG) (Attention: Louis R. Cohan, Esq.), so that the payment is actually received by CLG within three (3) business days of Defendant's counsel's notification of the Order entered by the Court.

## III. GENERAL RELEASE:

A.  As a material inducement to Prestige to enter into this Agreement, subject only to the exceptions noted in Section III.C, below, Releasor hereby irrevocably and unconditionally releases, acquits, and forever discharges the Releasees, and all persons acting by, through, under or in concert with them, from any and all charges, complaints, claims, liabilities, obligations, promises, damages, causes of action, rights, demands, costs, lawsuits, debts and expenses, including but not limited to attorney fees and costs, actually incurred of any nature whatsoever, known or unknown, which Releasor now has, or claims to have, or which Releasor at any time heretofore had or claimed to have (collectively the "Released Claims").  Releasor further agrees to waive irrevocably any right to recover under any claim that may be filed with or by the Equal Employment Opportunity Commission or any other federal, state or local agency with respect to her employment with Prestige.

B.  Releasor understands that she is forever releasing and forgiving all known or unknown claims or causes of action which she brought, or could have brought against Releasees in the Action or any other litigation, whether under federal, state, or local law. Releasor understands that the claims she is releasing might arise under many different laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as the following:

1.  Anti-discrimination statutes, such as Title VII, which prohibits discrimination and harassment based on race, color, national origin, religion, sex, and pregnancy, and prohibits retaliation; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act and Sections 503 and 504 of the Rehabilitation Act of 1973, which prohibit discrimination based on disability; Section 1981 of the Civil Rights Act of 1866, which prohibits discrimination on the basis of race, color or national origin and retaliation; the Age Discrimination in Employment Act of 1967, and Executive Order 11,141, which prohibit discrimination on the basis of age and retaliation, and any other federal, state, or local laws prohibiting employment discrimination.

2.  Federal employment statutes, such as the Employee Retirement Income Security Act of 1974, which, among other things, protects employee benefits; the Fair Labor Standards Act of 1938, which regulates wage and hour matters; the Family and Medical Leave Act of 1993, which requires employers to provide leaves of absence under certain circumstances and prohibits retaliation; the WARN Act, which requires that advance notice be given of certain work

       force reductions; and any other federal laws relating to employment, such as veterans' reemployment rights laws.

3. <u>Other laws</u>, such as any federal, state, or local laws restricting an employer's right to terminate employees, or otherwise regulating the terms or conditions of employment; any federal, state, or local law enforcing express or implied employment contracts or requiring an employer to deal with employees fairly or in good faith; any other federal, state, or local laws providing recourse for alleged wrongful discharge, breach of contract, improper garnishment, assignment, or deduction from wages, health and/or safety violations, improper drug and/or alcohol testing, any tort, physical or personal injury, infliction of emotional distress, fraud, negligence, loss of consortium, negligent misrepresentation, negligent supervision, defamation, abusive litigation, and similar or related claims.

4. <u>Examples of released claims</u> include, but are not limited to the following (except to the extent explicitly preserved by Section III.C of this Agreement): (i) Releasor's claims or any related claims asserted in the Action; (ii) claims that in any way relate to or arise from any express or implied agreement or promise made to Releasor by any Releasee; (iii) claims that in any way relate to Releasor's employment with the Prestige or any predecessor entity, or the termination of that employment, such as claims for compensation, benefits, insurance premiums, bonuses, commissions, lost wages, travel expenses, or unused accrued vacation or sick pay; (iv) claims that in any way relate to allegations of alleged harassment, discrimination, and/or retaliation; (v) claims that in any way relate to any state law tort causes of action; and (vi) claims that relate to attorneys' fees, costs, expenses or other indemnities with respect to claims that Releasor is releasing.

C. Releasor is not releasing:  (1) any claim that relates to her right to enforce this Agreement; (2) any rights or claims that arise after Releasor signs this Agreement; or (3) any claim that cannot be released by law.

D. Releasor acknowledges that she has had reasonable and sufficient time to consider whether or not she desires to enter into this Agreement.  It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily.  The parties also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement.

E. Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and she has, in fact, consulted with her legal counsel, Louis R. Cohan, Esq. of Cohan Law Group, LLC, prior to signing this Agreement.  The Releasor also acknowledges that before signing this Agreement, she has read and fully understood each paragraph herein.

IV. **NO OTHER FILINGS:**  Plaintiff represents that, except for the Action, she has not filed any complaints or charges against any of the Releasees, with any federal, state or local court or agency that concern or relate to her employment with Prestige or the termination thereof.  Plaintiff agrees never to institute or aid in the institution or prosecution of any claim, action, complaint, charge or suit, absent subpoena, court

3

order or other administrative or court procedure requiring Plaintiff's cooperation, whether at law or in equity, against the Releasees, in any court or administrative agency or before any other public or private tribunal, which in any way arises from or relates to the Released Claims.

V. **NO RE-HIRE:** Plaintiff represents and agrees that she expressly waives any right to reinstatement, and agrees that she will not apply for, or otherwise seek employment with Prestige, its parents, owners, affiliates or subsidiaries at any time. If Plaintiff does apply for any position with Prestige, its parents, owners, affiliates or subsidiaries, Plaintiff understands and agrees that her application will be summarily rejected and that she will not be entitled to bring any claim based on such rejection.

VI. **NON-ADMISSION:** The Releasor acknowledges that the payments set forth herein do not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

VII. **EFFECTIVE DATE:** This Agreement shall be effective and enforceable upon the date of the Releasor's execution of this Agreement.

VIII. **MISCELLANEOUS:**

   A. *Governing Law & Jurisdiction.* This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

   B. *No Assignment.* Plaintiff represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, suit, debt, obligation, account, contract, agreement, covenant, guarantee, controversy, judgment, damage, claim, counterclaim, liability or demand of any nature whatsoever relating to any matter covered by this Agreement.

   C. *Successors.* This Agreement shall be binding upon, enforceable by and inure to the benefit of Releasor's personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees and the Releasees and any successor of the Releasees, but neither this Agreement nor any rights or payments arising hereunder may be assigned, pledged, transferred or hypothecated by Releasor.

   D. *Headings.* Headings used in this Agreement are for reference purposes only and shall not be deemed to be a part of this Agreement.

   E. *Entire Agreement.* This Agreement constitutes the entire agreement between the Releasor and the Releasees pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended,

4

modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by all parties.

F. *Severability*. Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

G. *Time is of the Essence*. Time is of the essence as to every provision of this Agreement.

IN AGREEMENT HERETO, the parties set their hand and seal.

_____          _____
Joey Tennyson                                                         Date


Prestige Auto Source, LLC


By:_____          _____
Terence Lewis                                                          Date
CEO